*Margin notes:*
EASTERN DIS.
*April*, 1841.

STETSON
*vs.*
STACKHOUSE.

---

## STETSON *vs.* STACKHOUSE.

APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

The endorsee or holder of a note who takes it after maturity, holds it subject to all the equities existing between the original parties.

So where S. makes his accommodation note to D. to enable him to raise funds with an understanding that the latter was to pay it, if he used it, and he passed it to the plaintiff *after it was due*, in his action to recover of the maker he was non-suited.

This is an action by the holder of a promissory note signed by Wm. Stackhouse & Co. payable to the order of Greenbury Dorsey, six months after the 20th December, 1838, for $5163.

Dorsey, the payee and endorser is also a member of the firm of Wm. Stackhouse & Co.

The defendant avered that the note sued on was given without consideration, entirely for the use and benefit of Greenbury Dorsey, whose credit was bad, with a view to raise money; and it was agreed that if he used the note he was to pay it at maturity. He further states that the plaintiff took the note after it was due, with a full knowledge of the circumstances under which it was given, and that he could not recover of the maker.

Under these pleadings and issues the case was tried before the court.

It appeared that Wm. and Saml. Stackhouse, in January, 1839, gave to Dorsey a mortgage on several slaves to secure the payment of this note. Dorsey transferred the note to plaintiff after it became due, to secure him against the endorsement of a bill of exchange. Before this bill was due and protested the plaintiff sued on the note. The question then recurred, was the want of consideration set up in the defence, sufficient to avail the defendant?

The Judge presiding was of opinion it should prevail. On a motion for a new trial, the judgment first rendered being for the defendant, was changed into one of non-suit against the plaintiff, and he appealed.

*G. B. Duncan*, for the plaintiff.

*Hoffman & Jones*, for the defendants.

*Morphy, J.* delivered the opinion of the court.

This suit is brought on a promissory note drawn by Wm. Stackhouse & Co. to the order of and endorsed by Greenbury Dorsey. The petition alleges that the said firm consists of defendant, S. Stackhouse and Greenbury Dorsey. The defence set up is that this note was given to the payee without consideration and entirely for his use and benefit, in order to enable said Dorsey whose credit was bad, to raise money upon

it; that it was agreed if he used the note, he would pay its amount when due, and that plaintiff took the note with a full knowledge of all these circumstances. There was a judgment below in favor of defendant, which was afterwards changed into one of non-suit, on a motion for a new trial. Plaintiff appealed.

It is admitted that long after the note sued on became due, it was pledged to the plaintiff to secure him against his endorsement on a bill of exchange drawn by Dorsey on one George Young of Cincinnati. It is well settled that the endorsee or pledgee of a note takes it after maturity subject to all the equities to which it would have been liable between the original parties to it. The evidence shows that after the note was made, Stackhouse & Co. gave a mortgage on several slaves to secure its payment. The book-keeper of Dorsey testifies that he understood from the latter that he had obtained this note to raise money with it, and that although it was usual for Dorsey to make an entry on his books of all notes received by him, no mention whatever was made of this particular note. From the evidence we incline to think with the Judge below that it was an accommodation note given to Dorsey to facilitate him in his business, and that the mortgage was given only to aid its negotiation. The defendant has at all events made a sufficient showing to throw upon the plaintiff the burthen of proving a consideration, if any had existed.—This was not even attempted to be done. If Stackhouse & Co. merely lent their name to Dorsey as drawers of this note which was made payable six months after date, it is clear that having failed to raise money on it before its maturity, his authority to dispose of it had ceased, and it should have been returned to them. Besides, if it be true, as is alleged by the plaintiff himself, that Dorsey, the payee of this note was a member of the firm of Stackhouse & Co., this debt, admitting it to be real, must go into the settlement of the partnership accounts, and this defence which would have been good against Dorsey must prevail against plaintiff who is in no

*The endorsee or holder of a note who takes it after maturity holds it subject to all the equities existing between the original parties.*

*So where S. makes his accommodation note to D. to enable him to raise funds with an understanding that the latter was to pay it, if he used it, and he passed it to the plaintiff after it was due, in his action to recover of the maker he was non-suited.*

EASTERN DIS.
*April,* 1841.
better situation than he; having acquired this note after its maturity.

The judgment of the Commercial Court is therefore affirmed with costs.